UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| OMAR M. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:09-CR-147-TAV-HBG-1 |
| | ) | 3:16-CV-265-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 63]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The government filed a response in opposition [Doc. 70]; Petitioner filed what the Court interprets as a reply in turn [Doc. 72]. For the reasons that follow, the § 2255 motion [Doc. 63] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2010, Petitioner pled guilty to possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g) [Docs. 39, 41, 52]. Based on prior Tennessee convictions for first-degree burglary, second-degree burglary, and assault with intent to commit robbery, the United States Probation Office deemed Petitioner an armed career criminal subject to the ACCA's enhanced fifteen-year statutory minimum [Presentence Investigation Report ("PSR") ¶¶ 27, 32, 40–41, 71–72]. In accordance with that designation, this Court sentenced Petitioner to 180 months' incarceration followed by five years' supervised release [Doc. 52].

Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on July 2, 2012 [Doc. 61]. Nearly four years later—May 26, 2016—Petitioner submitted the instant petition challenging his ACCA designation in light of the *Johnson* decision [Doc. 63].

## II. TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The petition falls safely within the one-year period for filing a request.

### III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner articulates a single ground of collateral attack, arguing the *Johnson* decision removed an unspecified number of his prior convictions from § 924(e)(2)(B)'s definition of "violent felony" [Doc. 63 (arguing, without citation, that the convictions no longer qualify as predicate offenses under the provisions of the ACCA left unaffected by the *Johnson* decision)].

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an

3

element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, Johnson has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—

4

elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

The Court finds that the three prior convictions used to categorize Petitioner as an armed career criminal categorically qualify as predicate offenses independent of the residual clause invalidated by the *Johnson* decision. Thus, his collateral challenge fails as a matter of law.

At the time that Petitioner committed his burglary offenses, Tennessee defined first degree burglary as "the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or person as a dwelling place or lodging . . . by night, with intent to commit a felony." Tenn. Code Ann. § 39-3-401 (1979).[1] Second degree burglary was similarly defined as "the breaking and entering into a dwelling house or any house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging . . . by day, with intent to commit a felony." Tenn. Code Ann. § 39-3-403 (1984). For purposes of § 924(e), the Supreme Court has defined "burglary" as any conviction, "regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Both of Petitioner's burglary offenses correspond perfectly with *Taylor*'s definition, *see, e.g.*, *United States v. Jones*, 673 F.3d 497, 505 (6th Cir.

---

[1] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

5

2012) (holding that pre-1989 Tennessee second-degree burglary categorically qualifies as generic burglary and is, thus, a violent felony under the enumerated-offense clause); *Smith v. United States*, No. 3:05-cr-74, 2016 WL 3349298, at *6 (E.D. Tenn. June 15, 2016) (finding, post-*Johnson*, that first-degree burglary constituted an ACCA predicate and that the only difference between first-and-second-degree burglary is that one occurred by night and the other by day), and, as a result, both offenses remain ACCA predicate offenses.[2]

At the time that Petitioner committed the assault with intent to commit robbery, Tennessee defined that offense as "an assault upon another with the intent to feloniously and willfully . . . commit a robbery." *State v. Swatzell*, No. 01-C-019005CC00126, 1992 WL 25008, at *3 (Tenn. Crim. App. Feb. 14, 1992) (discussing Tenn. Code Ann. § 39-2-104 (1985)). Robbery, in turn, was defined as "the felonious and forcible taking from the person of another, goods or money of any value, by violence of putting the person in fear." *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (quoting Tenn. Code Ann. § 39-2-501 (1985), and holding that Tennessee robbery categorically qualifies as a violent felony under the ACCA's use-of-force clause). Because binding Sixth Circuit precedent makes clear that statutes capable of being violated "by force and violence, or by intimidation" invariably involve the threatened use of physical force, *see, e.g.*, *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2

---

[2] In *Mathis v. United States*, 136 S. Ct. 2246 (2016), the Supreme Court held that a prior conviction cannot qualify as a generic form of a predicate violent felony if a locational element of that crime is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former. Unlike the Iowa statute at issue in *Mathis*, however, the Tennessee statutes at issue here do not contain any "alternate ways of satisfying a single locational element" that fall outside *Taylor*'s definition of generic burglary. Rather, the phrase "dwelling house or any house, building, room or rooms therein" necessarily aligns with generic burglary's elemental requirement that the breaking or entering be of a "building or structure," as opposed to a boat or motor vehicle. As such, *Mathis* has no impact on the Court's ability to categorize pre-1989 first-and-second-degree burglary convictions as violent felonies under the enumerated-offense clause.

6

(6th Cir. June 10, 2016) (finding that federal bank robbery, which can be committed "by force and violence, or by intimidation," involves the use, attempted use, or threatened use of violent physical force and thus categorically qualifies as a crime of violence under the Guidelines use-of-physical force clause); *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995) (finding that Virginia robbery, which can be committed by "violence or intimidation," categorically qualifies as a violent felony under the ACCA use-of-physical-force clause), Tennessee assault with intent to commit robbery—which by definition involves the commission of assault with the intent of "forcibl[y] tak[ing]" something from another "by violence or putting the person in fear" of the same—necessarily qualifies as a predicate offense under the ACCA use-of-physical-force clause.

Because at least three of Petitioner's prior convictions qualify as violent felonies independent of the now-defunct residual clause, the *Johnson* decision is inapposite to his case.

IV. **CONCLUSION**

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 63] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE