UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CR-147-TAV-HBG-1 |
| | ) | |
| OMAR M. SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant has moved for a reduction in his term of imprisonment pursuant to the First Step Act [Doc. 85]. The government has not responded, and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). The Court holds that defendant is not eligible for a reduction under Section 404 of the First Step Act. Accordingly, the Court will **DENY** defendant's motion [Doc. 85].

**I.      Background**

On October 20, 2010, defendant pleaded guilty to the sole count of the indictment, which charged him with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) [Docs, 39, 41]. The presentence investigation report ("PSR") determined that defendant qualified for an enhanced 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) [Doc. 49, p. 4]. Defendant objected to his classification as an armed career criminal [*Id*.], which the Court overruled. On June 14, 2011, the Court sentenced the defendant to 180 months' imprisonment [Doc. 52]. Defendant appealed, arguing, in part, that the Court erroneously

sentenced him under the ACCA, but the Sixth Circuit affirmed defendant's conviction and sentence [Docs. 54, 61]. Thereafter, defendant again challenged his ACCA-enhanced sentence in a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [Doc. 63]. The Court denied defendant's § 2255 motion, concluding that, even in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA, defendant still had three qualifying violent felonies under the ACCA's remaining clauses [Docs. 74, 75].

Defendant now seeks to challenge his ACCA-enhanced sentence under Section 404 of the First Step Act [Doc. 85]. The government did not file a response. This matter is ripe for resolution.

**II.     Analysis**

Once a Court imposes a sentence, its judgment is generally final with a few narrow exceptions. *Freeman v. United* States, 564 U.S. 522, 526 (2011); *see also* 18 U.S.C. § 3582(b) ("Notwithstanding [certain specified exceptions,] a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."). Section 404 of the First Step Act provides such an exception to the general rule against modifications to sentences. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

If a court imposed a sentence for a "covered offense," as defined in § 404(a) of the First Step Act, then on the defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220;

2

124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). Section 404(a) defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." § 404(a). Section 2 of the Fair Sentencing Act amended the quantities of cocaine base, commonly known as crack cocaine, necessary to trigger certain mandatory minimum sentences under section 841(b)(1). Fair Sentencing Act, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010). Section 3 of the Fair Sentencing Act eliminated mandatory minimum sentences for simple possession offenses under 21 U.S.C. § 844(a). *Id.*, Pub. L. No. 111-220, § 3, 124 Stat. at 2372.

Here, defendant's offense of conviction is not a "covered offense." The record reflects that defendant was sentenced on June 14, 2011, to a term of 180 months' imprisonment based on his conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) [Doc. 52]. First, the Fair Sentencing Act took effect on August 3, 2010. *Dorsey v. United States*, 567 U.S. 260, 269–70 (2012). Because defendant was sentenced in 2011, after the Fair Sentencing Act was in effect, the Fair Sentencing Act's amended statutory provisions applied at the time of his sentencing. Second, although he was sentenced after the Fair Sentencing Act was in effect, his sentence was not impacted by the enactment of Sections 2 or 3 of the Fair Sentencing Act. Because defendant was not convicted under 21 U.S.C. § 844(a) for simple possession, Section 3 of the Fair Sentencing Act has no application. Additionally, because

3

defendant was convicted for a firearms offense, rather than a crack cocaine offense, Section 2 of the Fair Sentencing Act also had no application to defendant. Accordingly, defendant's offense of conviction is not a "covered offense" under Section 404 of the First Step Act, and therefore, he is not entitled to relief. Defendant's pro se motion for a sentence reduction under the First Step Act [Doc. 85] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE