UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:09-CR-147-TAV-HBG |
| | ) |
| OMAR M. SMITH, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motion for compassionate release [Doc. 87]. The United States has filed a response in opposition [Doc. 91]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motion for compassionate release will be **DENIED**.

**I.    Background**

On October 20, 2010, defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Docs. 39, 41]. Defendant was sentenced to 180 months' imprisonment, to be followed by five years of supervised release [Doc. 52].

Defendant is housed at FCI Beaumont Low, which currently has zero (0) active cases of COVID-19 amongst the inmates, zero (0) active cases amongst the staff, and 359 staff and 2,760 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 2, 2021). Defendant is sixty-three (63) years old and medical records establish that he suffers from, among other ailments, hypertension, diabetes, and obesity [Doc. 92, pp. 125-126].

Defendant has been vaccinated against COVID-19 [*Id.*, p. 129]. Defendant is scheduled for release on July 4, 2022. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 2, 2021).

**II.  Legal Standard**

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that

2

> the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

3

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The United States concedes that defendant has exhausted his administrative remedies [Doc. 91]. Thus, the Court may consider the merits of defendant's request.

#### B. Extraordinary and Compelling Reasons

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial. *Elias*, 984 at 519. In this instance, the Court finds that defendant has not established extraordinary and compelling reasons for compassionate release. In reaching this decision, the Court recognizes that it has discretion to determine what constitutes extraordinary and compelling reasons. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

Defendant contends that compassionate release is appropriate because his medical condition places him at greater risk from the ongoing COVID-19 pandemic. Specifically, defendant suffers from hypertension, diabetes, and obesity. Defendant also contends that

4

he suffers from asthma and chronic bronchitis, but his medical records do not support that allegation [*See* Doc. 92]. The Court notes that defendant has also been fully vaccinated against COVID-19 [Doc. 92, p. 129].

The Court does not find defendant's generalized concerns about COVID-19 persuasive. Courts may rely on CDC guidance when considering a motion for compassionate release. *Elias*, 984 F.3d at 521 ("Relying on official guidelines from the CDC is a common practice in assessing compassionate-release motions."). The CDC indicates that hypertension can possibly make one more likely to become severely ill from COVID-19. People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC offers the same guidance for those suffering from diabetes. *Id*. With respect to obesity, the CDC does recognize that being overweight is a potential risk factor, and that "[t]he risk of severe COVID-19 illnesses increases sharply with elevated BMI." *Id*. Defendant's height and weight taken from a June 9, 2021 medical record [Doc. 92, p. 26] indicate that he has a BMI of 29.8, which places him in the category of being overweight, but not obese. *Id.*

With respect to defendant's diabetes and hypertension, his medical records from January 28, 2021, include the following determination by a Bureau of Prisons physician:

> Diabetes: Pt is a diabetic who has never been on medication. Pt continues to attempt to maintain his blood sugar through a combination of diet and exercise. Pt Hgb A1C remains unchanged at 6.4 since Aug 2019. In Nov 2018 it was 6.9. Pt denies polyurea, polyphagia, polydipsia, blurred vision, fatigue, and hypoglycemia episodes.

5

> [Hypertension:] Pt currently takes Atenolol and Lisinopril to maintain his blood pressure. Pt states that he takes his medication every day and tries to work out as well. Pt denies chest pain, shortness of breath, palpitations, and peripheral edema. A CTA was performed in 6/2016 after an "abnormal EKG" this demonstrated normal coronary arteries and EF.

[Doc 92, p 60]. Thus, while defendant does suffer from diabetes and hypertension, those conditions are described as being controlled. Similarly, while defendant is overweight, his BMI places him only in the category of being overweight, not obese.

Furthermore, while defendant does suffer from conditions which **might** place him at increased risk from COVID-19, defendant has also been vaccinated. Although vaccinations may not provide perfect protection from COVID-19, they are among the best known methods of preventing infection and severe complications from the disease. CDC Real-World Study Confirms Protective Benefits of mRNA COVID-19 Vaccines, Ctrs. for Disease Control & Prevention (Mar. 29, 2021), https://bit.ly/2QOfr2A ("COVID-19 vaccines are highly effective in preventing SARS-CoV-2 infections in real-world conditions among . . . groups [that] are more likely than the general population to be exposed to the virus."); Vaccine Effectiveness, Ctrs. for Disease Control & Prevention (May 10, 2021), https://bit.ly/34STqU1 (recognizing that "no vaccine is 100% effective," but observing that vaccines "are effective at preventing COVID-19" or developing severe illness in "real world conditions."). The CDC estimates that two doses of the Moderna vaccine or the Pfizer vaccine reduce the chances of infection by over 90 percent. *Id*.

In addition, as the Court noted above, 359 staff and 2,760 inmates in the facility where defendant is housed have been vaccinated against COVID-19. COVID-19 Cases,

Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited August 2, 2021). The Bureau of Prison's ongoing vaccination efforts further diminish the risk defendant faces from COVID-19. With all of the above in mind, the Court finds that because defendant is vaccinated against COVID-19, "his susceptibility to the disease is [not] 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)." *United States v. Smith*, No. 17-cr-20753, 2021 U.S. Dist. LEXIS 20421, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021). Nor is defendant's medical condition so severe as to otherwise constitute extraordinary and compelling reasons. Accordingly, the Court finds that defendant has not satisfied the extraordinary and compelling requirement needed for compassionate release, and his motion for compassionate release will be **DENIED**.

### IV. Conclusion

For the reasons set forth more fully above, defendant's motion for compassionate release [Doc. 87] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE